FILED
2012 Jul-06  PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICK EASTBURN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO. 2:11-CV-4305-SLB |
| | ) |
| **ALABAMA DEPARTMENT OF CORRECTIONS,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This case is presently before the court on defendant's Motion to Dismiss, (doc. 4),[1] and plaintiff's Motion for Leave to Amend Complaint, (doc. 10). Plaintiff Rick Eastburn has sued his former employer, defendant Alabama Department of Corrections, alleging that defendant discriminated against him on the basis of his race. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 4), is due to be granted, and plaintiff's Motion for Leave to Amend Complaint, (doc. 10), is due to be denied in part and granted in part.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

## I. <u>STATEMENT OF FACTS</u>[2]

Defendant, Alabama Department of Corrections, employed plaintiff, a white male, at the Tutwiler Women's prison facility. (Doc. 3 ¶¶ 2-3 and 5.) Defendant ordered plaintiff to transfer to a men's prison facility. (*Id*. ¶ 5.) Plaintiff told his supervisor that he could not work at a men's prison "due to security risks." (*Id*.) Despite plaintiff's concerns, defendant transferred plaintiff and plaintiff resigned. (*Id*.) He contends the transfer order was a constructive discharge. (*Id*.)

After plaintiff resigned, he was replaced by an African-American employee with less experience. (*Id*.) The decisionmakers were African-American. (*Id.*)

In its Motion to Dismiss, defendant contends –

> On November 14, 2008, the Plaintiff applied for a Correctional Officer position with [defendant] and was hired as a Correctional Officer Trainee on March 24, 2010. He was notified that he was required to serve a six[-]month probationary period, as with his previous employment. The Plaintiff was assigned to the Tutwiler Prison for Women to do on-the-job training until his acceptance into [defendant's] Training Academy. The Plaintiff was transferred from Tutwiler to the Kilby Correctional Facility on August 1, 2010. The Plaintiff resigned his Correctional Officer Trainee position on August 2, 2010.

(Doc. 4 ¶ 3.)

Defendant has not submitted any evidence to support its version of plaintiff's employment history, and the court has not converted its Motion to Dismiss to a Motion for

---

[2]For purposes of this Motion, the facts are stated as found in plaintiff's Amended Complaint. Some of these "facts" are likely disputed by defendant.

2

Summary Judgment.  Therefore, the court considers only the facts set forth in plaintiff's Amended Complaint.

Plaintiff filed a Complaint against Richard Allen, Commissioner of the Alabama Department of Correction, on December 22, 2011.  (Doc. 1.)  The Complaint contained one count for race discrimination in violation of 42 U.S.C. § 1981.  (*Id.* ¶ 10.)  However, at the beginning of his Complaint, he stated, "This is an action for civil rights discrimination and retaliation, and is brought pursuant to "Title VII, Section 704(a), 42 U.S.C. Section 2000e-3[(a)] of the Civil Rights Act of 1964, and 42 U.S.C. Section 1981."  (*Id.* ¶ 1.)  Plaintiff amended his Complaint "to remove 'Commissioner Richard Allen' as a defendant, and to leave only 'Alabama Department of Corrections."  (Doc. 3 at 1.)  He did not amend the jurisdictional paragraph or add a Title VII count.  (*See id.* ¶¶ 1, 10.)

## II. DISCUSSION

Defendant moves to dismiss plaintiff's Amended Complaint on the following grounds:

> (a).  F.R.C.P., Rule 8(a) – "[A] pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction[.]"  This pleading does not state any grounds that would give this Court jurisdiction.  First, under Title VII, a complaint must be made to the EEOC and the civil complaint must be filed within the required ninety (90) days of the Right-to-Sue letter.  There is no allegation or evidence to support that the Plaintiff made a second complaint to the EEOC and received a Right-to-Sue letter.  Secondly, in a § 1981 complaint, Eleventh Amendment immunity clearly applies to Alabama Department of Corrections.  This Court has no jurisdiction over this action.
>
> (b).  F.R.C.P., Rule 8(d) – "[E]ach allegation must be simple, concise, and direct."  The amended complaint is anything but concise.  It contains allegations of discrimination at Tutwiler when the Plaintiff was never assigned

3

> to or worked at Tutwiler. Even the EEOC complaint identifies the Bibb Correctional Facility, not Tutwiler.
>
> (c). Title VII – Under Title VII, a plaintiff must meet the requirements of filing a complaint and the Plaintiff has clearly not met those requirements. Additionally, the amended complaint does not state a claim under Title VII. This Court has no jurisdiction over this Title VII action.
>
> (d). § 1981 – This Court lacks jurisdiction on the Plaintiff's amended complaint as to the § 1981 claim due to the fact that the only Defendant is the [Alabama Department of Correction], which is entitled to Eleventh Amendment immunity under § 1981. Therefore this Court lacks jurisdiction over the Plaintiff's § 1981 claim.

(Doc. 4 ¶ 4.)

**A.  TITLE VII CLAIM**

Plaintiff does not oppose defendant's Motion to Dismiss his Title VII claim. (*See generally* doc. 7.) Assuming plaintiff has asserted such a claim,[3] defendant's Motion to Dismiss will be granted.

**B.  SECTION 1981**

Defendant moves to dismiss plaintiff's § 1981 claim on the ground that it is entitled to Eleventh Amendment Immunity.

The Eleventh Amendment to the United States Constitution provides: "The Judicial

---

[3]The court does not read plaintiff's Amended Complaint as asserting a claim under Title VII for race discrimination. The Amended Complaint contains one count, "Reverse Race Discrimination, Section 1981," which states, "Defendant discriminated against Plaintiff intentionally, on the basis of his race in violation of his rights pursuant to 42 U.S.C. Section 1981." (Doc. 3 ¶ 10.) The section of Title VII cited by plaintiff in the jurisdictional paragraph is the section prohibiting retaliation. (*Id*. ¶ 1 [citing 42 U.S.C. § 2000e-3(a)].) Plaintiff's Amended Complaint does not allege a retaliation claim.

Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. This Amendment bars suits against the State brought by its own citizens as well as suits brought by the citizens of another State. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

"Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)(citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam )). "Unlike Title VII, Section 1981 contains no congressional waiver of the state's eleventh amendment immunity." *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. Unit A June 1981).[4]

In response to defendant's Motion to Dismiss, plaintiff states, "[T]he Defendant's motion to dismiss concerning the state's immunity from federal claims brought under Section 1981 [is] well-taken." (Doc. 7 ¶ 2.) He asks the court for leave to file an second Amended Complaint naming the individual decisionmakers as defendants. (*Id.* ¶ 3.) Defendant objects to plaintiff's request to file an amended complaint, on the ground that Commissioner Allen was dismissed with prejudice. (Doc. 8 ¶ 1.) Plaintiff contends that he does not seek to re-allege a claim against Commissioner Allen; he contends that his "amended complaint against

---

[4]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

individual Defendants [would] not concern the state of Alabama, [would be] within the statutory time frame for bringing such claims under 42 U.S.C. Section 1983, and would not cause the Defendant any undue prejudice." (Doc. 9 ¶ 3.)

The Eleventh Circuit has held:

> Under Federal Rule of Civil Procedure 15(a), a court should give leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a). Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The district court, however, need not "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id*.

*Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).

In plaintiff's proposed Second Amended Complaint he alleges claims against Commissioner Allen and the Department of Corrections, as well as James Deloach and Frank Albright. (*See generally* doc. 10-1.).

Plaintiff alleges a claim for reverse discrimination in violation of § 1981 against the Department of Corrections. The Department of Corrections has Eleventh Amendment immunity from this claim. Therefore, plaintiff's Motion for Leave to Amend Complaint to reassert a claim against the Department of Corrections for violation of § 1981 will be denied.

Plaintiff has also included a claim against Commissioner Allen for race discrimination in violation of § 1981 and the Equal Protection Clause of the Fourteenth Amendment. Defendant contends that these claims were dismissed **with** prejudice when plaintiff amended

his Complaint to substitute the Department of Corrections for Commissioner Allen. Defendant does not cite any authority for its assertion that the dismissal of the claim against Commissioner Allen was with prejudice. (Doc. 8 ¶ 1.) The court assumes that defendant is referring to Fed. R. Civ. P. 41(a)(1)(B), which provides, "Unless the notice [filed pursuant to Rule 41(a)(1)(A)] states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." This provision only applies when a plaintiff voluntarily dismisses an action a second time. Therefore, it does not apply to plaintiff's first voluntary dismissal of his claim against Commissioner Allen.

Plaintiff's prior dismissal of his claim against Commissioner Allen was without prejudice. Therefore, it provides no bar to plaintiff's Motion for Leave to Amend seeking to reassert such claim.

The court finds no good cause for denying plaintiff an opportunity to amend his Amended Complaint to assert a claim for race discrimination against the individual decisionmakers. Plaintiff's Motion for Leave to Amend, (doc. 10), will be granted as to plaintiff's request to add a claim against Commissioner Allen, and the other individual defendants. However, this Amended Complaint shall set forth specific facts concerning the circumstances of his transfer and why plaintiff felt compelled to resign.

**DONE**, this 6th day of July, 2012.

                                        */s/ Sharon Lovelace Blackburn*
                                        SHARON LOVELACE BLACKBURN
                                        CHIEF UNITED STATES DISTRICT JUDGE