FILED
 2012 Oct-29  PM 02:36
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICK EASTBURN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 2:11-CV-4305-SLB |
| | ) |
| **FORMER COMMISSIONER RICHARD ALLEN; FORMER DEPUTY COMMISSIONER JAMES DELOACH; WARDEN FRANK ALBRIGHT,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

This case is presently before the court on Motions to Dismiss Plaintiff's Second Amended Complaint, filed by defendants James DeLoach and Frank Albright, (doc. 15),[1] and filed by Richard Allen, (doc. 19). Plaintiff Rick Eastburn has sued defendants, alleging they discriminated against him on the basis of his race, white. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendants' Motions to Dismiss, (docs. 15 and 19), are due to be granted.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

## I. <u>STATEMENT OF FACTS</u>[2]

The Alabama Department of Corrections employed plaintiff, a white male, at the Tutwiler Women's prison facility. (Doc. 13 ¶ 2.) On or about August 1, 2003, defendants DeLoach and Albright ordered plaintiff to transfer to a men's prison facility. (*Id.* ¶ 5.) This order was approved by defendant Allen. Plaintiff contends he "had previously advised his supervisor and warden that he could not continue employment at a men's facility due to security risks." (*Id.*) He contends he was forced to resign on August 2, 2010, and the transfer order was a constructive discharge. (*Id.*) Defendants DeLoach and Albright are African-Americans. (*Id.*) After plaintiff resigned, he was replaced by an African-American employee, Cadet Lett, with less experience. (*Id.*)

Plaintiff's Second Amended Complaint alleges one count pursuant to 42 U.S.C. § 1983 for race discrimination in violation of 42 U.S.C. § 1981 and the Equal Protection Clause of the Fourteenth Amendment. (*Id.* ¶ 10.)

## II. <u>DISCUSSION</u>

Defendants DeLoach and Albright move to dismiss plaintiff's Second Amended Complaint on the grounds (1) they have Eleventh Amendment immunity in their official capacities, (2) plaintiff failed to allege a prima facie case of race discrimination, (3) plaintiff has not alleged an adverse employment action based on his transfer, and (4) defendants are

---

[2]For purposes of this Motion, the facts are stated as found in plaintiff's Amended Complaint. Some of these "facts" are likely disputed by defendant.

entitled to qualified immunity in their individual capacities because the transfer did not violate clearly-established right.

## A. Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. This Amendment bars suits against the State brought by its own citizens as well as suits brought by the citizens of another State. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)(citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam )). "Unlike Title VII, Section 1981 contains no congressional waiver of the state's eleventh amendment immunity." *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. Unit A June 1981).[3]

To the extent plaintiff has asserted a claim against defendants in their official capacities as agents of the State of Alabama,[4] such claims are dismissed with prejudice as

---

[3]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

[4]In his Response to defendants' Motion to Dismiss, plaintiff appears to argues that he did not intend to sue defendants in their official-capacity; he argues:

3

barred by the Eleventh Amendment. Defendants' Motions to Dismiss will be granted and plaintiff's claims against defendants in their official-capacity will be dismissed.

## B. FAILURE TO ALLEGE A PRIMA FACIE CASE

Defendants contend that plaintiff's Second Amended Complaint does not contain sufficient facts to state a prima facie case of discrimination. Specifically they contend that plaintiff has not alleged that his transfer to another facility was an adverse employment action. Plaintiff contends that he has sufficiently alleged "the details of the incident and termination [that] occurred in this case, his comparator, and the reverse race theory of his Section 1981 and 1983 claims." (Doc. 22 at 2.)

---

> Plaintiff concedes that if the individual Defendants were sued only in a representative capacity they would be entitled to sovereign immunity. However, it was not the intention of the Plaintiff in his Second Amended Complaint, which added the individual defendants[,] to limit his claims against any individual Defendant based on their personal or representative capacity. It was not in the intention of the Plaintiff to sue Defendants Deloach and Albright only in their representative or official capacity as prison officials. The language in paragraphs three and ten of Plaintiff's Second Amended Complaint making the reference to Defendants acting "under color of state law" and " …acting in their official capacities" was meant as a reference to their job performance only, and would have been better worded as 'in the performance of their duties'. The Plaintiff did not designate that the Defendants were being sued in their representative capacity only in the complaint, and did not designate that they were sued in their representative capacity as prison officials in the caption of the lawsuit. The Plaintiff sought money damages against these Defendants, as individual and not as agents of the State of Alabama, which is available only in their personal capacities, as individual Defendants.

(Doc. 22 ¶ 2.)

4

The court notes "an employment discrimination plaintiff need not plead a prima facie case of discrimination." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002). However, this court ordered plaintiff to include "specific facts concerning the circumstances of his transfer and why plaintiff felt compelled to resign" in his Amended Complaint. Plaintiff's Second Amended Complaint did not add any facts detailing why plaintiff was ordered to transfer and why he felt his safety was an issue at a male prison. These facts are necessary to demonstrate why the transfer was adverse and whether his resignation was compelled.

> Now, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662, 129 S. Ct. at 1949. A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully." *Id*. While a complaint need not contain detailed factual allegations to survive a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. (quotation marks and citations omitted). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id*. In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Accord, Nelson v. Campbell*, 541 U.S. 637, 640, 124 S. Ct. 2117, 158 L. Ed. 2d 924 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true).

*Washington v. Albright*, 814 F. Supp. 2d 1317, 1319 (M.D. Ala. 2011).

A claim based on constructive discharge requires "a plaintiff [to] demonstrate that working conditions were so intolerable that a reasonable person in his position would have been compelled to resign." *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1231 (11th Cir. 2001)(internal quotations and citations omitted). Certainly, not every corrections officer believes working in a men's facility is so unsafe as to compel his resignation. Therefore, to state a plausible claim based on constructive discharge, plaintiff must allege sufficient factual detail regarding why the transfer to a men's facility created security risks that no reasonable employee could tolerate.

Plaintiff's Second Amended Complaint alleges that he was ordered to transfer to a men's facility and he told "his supervisor and warden" – presumably DeLoach and Albright – that "he could not continue employment at a men's facility due to security risks," which he does not define or explain. At this stage of the proceedings, and after the court's explicit order to include factual details surrounding his transfer and the reasons he felt compelled to resign, plaintiff simply restated, in the same conclusory manner, that he was exposed to some "security risk" if transferred to a men's facility. He does not describe the "security risk," and he does not address whether the transfer was the result of the completion of his probationary period. He alleges that merely that defendants were "[a]ware of his statement" that he would be subject to a security risk; he does not allege any facts sufficient to establish that this security risk was real, defendants knew the threat was real, and that defendants had the option of retaining plaintiff at the women's facility.

Without such detail, plaintiff's claim of race discrimination does not pass from being possible to being plausible. Therefore, defendants' Motions to Dismiss plaintiff's Second Amended Complaint will be granted and his claims will be dismissed.

Also, plaintiff alleges that defendant Allen consented and approved DeLoach and Albright's decision to transfer him. He does not allege that Allen knew or should have known such decision was racially motivated. Without such factual details, the second Amended Complaint does not a plausible claim against Allen for intentional racial discrimination. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).

### C.  Qualified Immunity

Because the court finds that plaintiff has not alleged a plausible claim of race discrimination against defendants, the court pretermits discussion of whether defendants are entitled to qualified immunity.

### CONCLUSION

Based on the foregoing, defendants' Motions to Dismiss Plaintiff's Second Amended Complaint, (docs. 15, 19), are due to be granted. Plaintiff's claims against defendants in their official capacities will be dismissed with prejudice; his claims against defendants in their personal capacities will be dismissed without prejudice.

**DONE**, this 29th day of October, 2012.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE